ESTATE OF IDA A. WHITE, DECEASED, MAUD K. BELL, EXECUTRIX, AND EDGAR S. BYERS, EXECUTOR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93575. Promulgated March 5, 1940.

*Edgar S. Byers, Esq.*, for the petitioners.
*W. W. Kerr, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The petitioners contend that the income in question, $72,290.57, being that part of the total sum of $108,369.88 received by them during 1936 as interest and dividends on securities delivered to the trustees, and returned by the latter for taxation as income, belonged to the trustees and that the executors were legally obligated

to pay over such income to the trustees under section 162 (c) of the Revenue Act of 1936.[1]

The respondent's position is that the income does not meet the requirements of section 162 (c). He argues that there was no proper distribution of the income as such, but that it was received by the trustees as a part of the corpus of the residuum of the decedent's estate. He also asserts that the trustees were not a "legatee, heir or beneficiary" as contemplated by the statute.

We have no doubt that a trust, and hence its controlling trustees, can be a legatee within the contemplation of the statute. *Crawford* v. *Mound Grove Cemetery Association*, 218 Ill. 399; 75 N. E. 998; *In re Logan*, 131 N. Y. 456; 30 N. E. 485. The word "legatee" connotes the recipient or object of a legacy. The trustees, being such recipient here, became the "legatee" under the direction of the will. The trust was a taxable entity and returned the income received for taxation. Here the securities not needed to pay the debts of the estate were specifically bequeathed to the trustees by the codicil to Mrs. White's will. They were thus made legatees by force of its testamentary language.

The second point urged by respondent raises the question whether or not the facts bring the case within the purview of the statute. The record is clear that the income fund under discussion was received by the petitioners as income, was so treated by the depository bank, and was so paid over to the trustees under a proper order of the Probate Court. Its character and identity as income were thus established and maintained by all persons connected with the transactions. The stipulation itself so brands it.

The conduct of the petitioners is in harmony with this view. The will reposed in them, as executors, the discretion and judgment to determine what securities were not required to pay the bequests and the debts of the estate. In the exercise of that discretion, they segregated such assets and, in the course of their administration of the decedent's estate, transferred them to the trustees. They also separated from their total income all dividends and interest arising from the assets turned over to the trusts and paid such segregated income to the trustees. That income followed the securities and was transferred as

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \*

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

such pursuant to the purpose of item III of the codicil to the will dated September 20, 1927.

The action of the petitioners was in strict accord with the provisions and directions of the will and thus the income was "properly paid" as required by the statute. The order of the Probate Court also directed the payment for the purpose of enabling the petitioners "to pay to said trustees the income now due them."

The will provided that the trustees might, in their discretion, pay to Henry Packard White any part or all of the trust income if such should be needed for his reasonable support and maintenance. Hence, the entire amount of the income derived from the securities transferred by court order to the trust corpus might have been required for that purpose and the trustees unquestionably were entitled to the possession of all income derived from such securities.

There is no controversy as to the $20,000 which the petitioners paid to the trustees and the trustees in turn paid to Henry Packard White. The respondent allowed that deduction. The deductibility of that item differs in no basic respect from the deductibility of the remainder of the income. It arose from the same source, it was treated similarly by the petitioners, the banks, and the trustees, and the trustees accepted it as income and so paid it over to the beneficiary. The trustees retained the $72,290.57 for future distribution as income to Henry Packard White if and when they should determine that his reasonable needs should so require.

The trustees complied with the provisions of section 162 (c) by returning as income all the amounts received by them as such. The underlying provisions of the will and the actions of the petitioners and the trustees pursuant thereto fully comport with the language and purpose of the statute. The sum of $72,290.57, therefore, is deductible from the petitioners' income for the year 1936.

The respondent cites *Weigel* v. *Commissioner*, 96 Fed. (2d) 387, affirming 34 B. T. A. 237. The facts in that case are readily distinguishable from those in the case at bar. There the question involved was the gain realized from the sale of corpus. By the terms of the will all estate income became part of the corpus of the trust estate. That situation does not exist here. We find that the income in question preserved its identity from its receipt by the petitioners to its payment to the legatee. It was paid as income. See *Weigel* v. *Commissioner*, *supra*. Henry Packard White did not receive the $20,000 as the *res* of a testamentary trust, nor was the remainder of the income to which he was potentially entitled transformed into corpus by the provisions of the will. It was properly paid as income and is entitled to be deducted by the petitioners.

Reviewed by the Board.

*Decision will be entered under Rule 50.*